**OPINION ON REHEARING**



FILED

Mar 04 2020, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Margaret M. Christensen
Karl L. Mulvaney
Dentons Bingham Greenebaum LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
GREGORY SMITH

Ann Marie Waldron
Waldron Law, LLC
Indianapolis, Indiana

Michael E. Simmons
Hume Smith Geddes
Green & Simmons, LLP
Indianapolis, Indiana

Robert P. Thomas
Thomas Law Office
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
NOLAN CLAYTON

William D. Beyers
Buchanan &
Bruggenschmidt, P.C.
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Progressive Southeastern
Insurance Co.,

*Appellant-Plaintiff,*

v.

Gregory Smith and
Nolan Clayton,

*Appellees-Defendants*

and

Erie Insurance Group, Brackett
Restaurant Group, LLC, d/b/a
Stacked Pickle, and Allstate
Insurance Company

*Defendants*

March 4, 2020

Court of Appeals Case No.
19A-PL-1094

Appeal from the Marion Superior
Court

The Honorable Timothy W.
Oakes, Judge

Trial Court Cause No.
49D02-1701-PL-2865

**Baker, Judge.**

[1]     We grant the petition for rehearing filed by Gregory Smith for the limited
purpose of correcting a factual error on page 7 of our opinion. We stated that
"Progressive filed a motion to consolidate the appeals," but, in fact, it was
Smith who filed the motion to consolidate. *Progressive S.E. Ins. Co. v. Smith*, No.
19A-PL-1094, slip op. p. 7 (Ind. Ct. App. Jan. 2, 2020).

[2]     As to the other issue raised by Smith in his petition for rehearing, we decline to
grant his requested relief because his concern—that even if Progressive did not
have a duty to defend Clayton, if it undertook his defense, it had a duty to do so

competently and in good faith—is addressed in footnote 7 of our original opinion:

> The fact that Progressive did not have a duty to defend Clayton is not relevant to the questions at issue in the Malpractice or Bad Faith Actions related to the quality of the defense provided.

*Id.* at 10 n.7. Therefore, aside from the factual correction described above, we deny the petition for rehearing.

Bailey, J., and Tavitas, J., concur.